CECILE RENAULT *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

JANUARY 27, 1961.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This action in assumpsit to recover the proceeds of three life insurance policies was brought by the beneficiary designated therein. The case was tried to a jury in the superior court and resulted in a verdict being returned for the plaintiff in the amount of $1,117.94. The defendant duly prosecuted its bill of exceptions and in this court presses the exceptions taken by it to a denial by the trial justice of its motions for a mistrial, a directed verdict, and a new trial as well as its exceptions to the refusal of the trial justice to instruct the jury in accordance with the defendant's requests for certain specific instructions.

It appears from the record that defendant had issued three policies of insurance insuring the life of Leo Renault, the now deceased husband of plaintiff. The total amount of the three policies was $968. It further appears that the

insured on May 13, 1955 was riding on a motor bike in the city of Woonsocket on his way to his place of employment when he became involved in a collision with an automobile. He was taken immediately from the scene of this accident to the Woonsocket Hospital where he died some five days after the accident on May 18, 1955. It is not disputed that the insurance policies here being considered were in full force and effect at the time of the death of the insured.

The defendant concedes liability for the payment of death benefits in the amount stated on the face of each of the policies. The plaintiff claims, however, that the liability of defendant has been extended to the payment of an amount double that stated on the face of each of the policies because she contends that the death of the insured resulted solely from injuries accidentally sustained by him on May 13, 1955. In support of this contention plaintiff directs our attention to certain provisions contained in policy clauses entitled "Additional Death Benefit" clause, which in substance are double indemnity clauses, so called. The provision upon which plaintiff specifically relies provides for the payment of an additional death benefit to the beneficiary upon due proof "that the Insured * * * sustained bodily injury solely through external, violent and accidental means * * * and that the death of the Insured resulted therefrom, directly and independently of all other causes * * *."

The defendant denies that the death of the insured was so caused as to bring it within the purview of the above-quoted provision of the policies. According to defendant, the death resulted in part, at least, from disease, which brings it within the purview of a policy provision which relieves defendant from liability to pay the additional death benefit under the policies. The provision upon which defendant relies in this contention is that the company shall not be liable to pay additional death benefits "if the death of the Insured resulted directly or indirectly, or wholly or

partially, from disease, or from bodily or mental infirmity * * *."

It is clear then that the ultimate issue raised at the trial in the superior court was whether defendant under the terms of the policies was required to pay additional death benefits to plaintiff by reason of the death of the insured.

It will not be necessary to further examine the evidence and issues in this case because of the view which we take that the action of the trial justice in denying defendant's motion to have the case taken from the jury and passed constituted prejudicial error. This motion was made immediately after plaintiff had testified that after the death of the insured an insurer other than defendant had paid double indemnity. The trial justice denied this motion and noted defendant's exception.

The conclusion that we have reached on this point may be better understood if we set out the circumstances in which the statement was made and the ruling of the court given. The plaintiff was testifying in direct examination that after the funeral of the insured she had been visited by a representative of defendant, who told her that she would be paid under the double indemnity clause, but that she had been given a check in the total amount stated on the face of the policies only.

In the course of this examination plaintiff was asked whether she had collected death benefits on the deceased from another insurer. To that question plaintiff answered: "Yes. I got double from the other insurance company." The defendant immediately moved that this answer be stricken and that motion was granted. At this point in the proceedings and without any further taking of testimony, the court excused the jury for the noon recess. After the jury had left the courtroom, defendant moved for a mistrial, that is, that the case be taken from the jury and passed. In support of the motion defendant urged that plaintiff's assertion that she had received additional death

168

benefits from another insurance company "would be so prejudicial as to prevent the defendant from receiving fair consideration by the jury in this case."

The plaintiff objected to the granting of the motion and suggested that any prejudicial effect it might have had on the jury would be adequately cured if the court were to instruct the jury to disregard the statement. However, defendant pressed his motion, contending that any further mention of the statement by the court would only serve to prejudice the jury and that the prejudicial effect of the statement was such as to make corrective instructions a futile gesture.

The court denied the motion but concerning the statement made by plaintiff had the following to say: "She should not have made it, there's no doubt about it. She was wrong in doing it. On the other hand, since this action is based on three policies, those three policies may be different from the other policies on which she may have already collected, the mere fact that she collected from the others is no guarantee that she could collect on these. If the court explains that to the jury at the time that it charges the jury on the law, I believe that the jury would be intelligent enough to follow the court and not to be prejudiced, so I'm going to deny your motion and note your exception thereto."

We are of the opinion that the language of the trial justice concerning the statement made by plaintiff is persuasive that in his opinion it did have a substantial adverse effect upon defendant's right to a fair and impartial jury. The trial justice was in a position to observe plaintiff testify and to hear the statement when it was made. Consequently, he was in a position to make an adequate evaluation of its impact upon the members of the jury. His remarks make it clear that in his opinion it did have a prejudicial effect upon the jury and to such an extent that a corrective instruction would be necessary to minimize that

effect. It does not appear from the record that any pertinent corrective instruction was ever given, and we are not required, therefore, to pass upon the question whether the prejudicial effect of the statement made by plaintiff was negatived by such an instruction.

As we have noted herein, the plaintiff was testifying that the defendant had refused to pay the additional death benefits as the double indemnity on the death of the insured who died five days after he had been injured in a motor vehicle collision. In the course of that testimony her statement made the jury aware of the fact that another insurer had paid a double indemnity on the death of the same insured. In such circumstances we are unable to say with reasonable certainty that the jury was not prejudiced by the statement that another insurer had paid double indemnity when it found that the defendant here was liable for such additional benefits. We are persuaded by the remarks of the trial justice that in this case justice will only be served by submitting the case to another jury. See *Marley v. Providence Journal Co.*, 86 R. I. 229. Having reached this conclusion, it will not be necessary for us to pass upon the other exceptions urged by the defendant.

The defendant's second exception is sustained, and the case is remitted to the superior court for a new trial.

*Leo Patrick McGowan, John P. Bourcier,* for plaintiff.

*Hurley, Moriarty & Moakler, John W. Moakler, John F. Sherlock, Jr.,* for defendant.