191 A.2d 353 (1963)
STATE
v.
Vincent R. BROWN.
Ex. No. 10363.
Supreme Court of Rhode Island.
June 3, 1963.
*354 J. Joseph Nugent, Atty. Gen., Corinne P. Grande, Sp. Counsel, for State.
Leo Patrick McGowan, Public Defender, for defendant.
PER CURIAM.
After our decision in the above case the defendant asked for and received permission to file a motion for reargument. Pursuant thereto he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.
In support of his motion, defendant contends that we overlooked the holding of this court in Renault v. John Hancock Mutual Life Ins. Co., R.I., 167 A.2d 239, wherein we found that the denial of the defendnat's motion for a mistrial was prejudicial.
He argues that the rationale of this court in reaching its decision was premised on the proposition that if prejudice exists it is reversible error without regard to the degree of prejudice. We are substantially in accord with this proposition. But defendant goes further and equates all error with prejudice. This presupposes that error and prejudice are necessarily synonymous. Such, however, is not the rule. See Marley v. Providence Journal Co., 86 R.I. 229, 134 A.2d 180. In Marley we found the denial of the motion to be prejudicial; hence, reversible error. In the case at bar, however, we hold the ruling of the trial justice, if error, not to be prejudicial; hence, not reversible.
In the instant case we clearly implied, and we now hold, that although the trial justice may have misconceived the purpose for which a transcript was used, such miconception was not prejudicial to the defendant. Our decision in the Renault case is readily distinguishable from the case at bar; therefore, it is not in point.
Motion denied.