The **COALITION OF BLACK LEADERSHIP** et al.

v.

**Joseph A. DOORLEY, Jr., et al.**

**Civ. A. No. 4523.**

United States District Court,
D. Rhode Island.

Oct. 2, 1972.

John M. Roney, Cary J. Coen, R. I. Legal Services, Alton W. Wiley, Providence, R. I., Drew S. Days, III, NAACP Legal Defense Fund, New York City, for plaintiffs.

Robert J. McOsker, City Sol., City of Providence, Ronald H. Glantz, Asst. City Sol., Harry Goldstein, John P. Bourcier, Providence, R. I., for defendants.

### MEMORANDUM

PETTINE, Chief Judge.

A novel evidentiary question has arisen in this civil rights action brought by the black citizens of Providence against the Mayor, Commissioner of Public Safety, and Police Department of the City of Providence. The black citizens complain that they have been subjected to a pattern and practice of improper and illegal police conduct, that is, to racism and brutality. The evidence presented by the opposing sides has been in sharp conflict.

The evidentiary question arises out of the complaints of two named plaintiffs, Alice Pennington and Barbara Araujo, and one member of the plaintiff class, Carol Young. The three women assert that on July 16, 1970 they were arrested, and in the course of the arrests, subject to threats, assaults, beating, kicking, and excessive force. They say they were detained and denied the opportunity to contact counsel or family.

They say they were harassed and called racial names. The charges against them were subsequently dismissed.

In presenting their case defendants have attempted to introduce photographs taken by the police of the three women the night of the arrest. Plaintiffs have objected to the introduction of the photographs. It is reasonable to assume that the photographs will show the women to be in a good physical state, unmarked and unbruised.

Plaintiffs have objected on two grounds to the introduction of these photographs. First they argue that defendants should not be allowed to introduce these photographs because they failed to comply with a discovery request for them made in pre-trial proceedings by plaintiffs.

By way of a request for production under Rule 34, Fed.R.Civ.P., dated March 15, 1971, concerning the incident involving the three young women, plaintiffs asked for:

"All case records, incident reports, investigating officers reports, police log book entries and other related documents, memoranda, and reports regarding, involving, or referring to the arrests and jailing of . . . Alice Pennington, on or about July 16, 1970; and Barbara Araujo, on or about July 16, 1970."

Defendants, who had the photographs made pursuant to the arrests of these women attached to case files, produced the files but not the photographs. They argue that plaintiffs did not ask for photographs, so they were under no compulsion to produce them. I note that in Rule 34(a), Fed.R.Civ.P., the term "documents" is expressly stated to include photographs. The photographs were within the scope of the discovery request. The failure to produce them would be sufficient to warrant their exclusion under Fed.R.Civ.P. 37 as to the photographs of plaintiffs Pennington and Araujo.

However, the Court feels it should address itself to plaintiffs' second argument, that these photographs are barred by a state statute. Let me state that there is no question here that plaintiffs have not waived their statutory right to demand destruction of these photographs. Counsel for plaintiffs objected to introduction of these photographs for identification during the examination of Mr. John J. Power on statutory grounds as well as on Rule 37 grounds.

Plaintiffs argue that these photographs are inadmissible under R.I.G.L. § 12-1-12 (1956, 1969 Reenactment):

"12-1-12. Destruction of records of persons acquitted.—Any fingerprint, photograph, physical measurements or other record of identification, heretofore or hereafter taken by or under the direction of the attorney-general, the superintendent of state police, the member or members of the police department of any city or town, or any other officer authorized by this chapter to take the same, of a person under arrest, prior to the final conviction of such person for the offense then charged, shall be destroyed by the officer or department having the custody or possession thereof upon demand of the person so photographed, measured or otherwise identified, if such person is acquitted or otherwise exonerated from the offense with which he is charged; provided, that such person shall not have been previously convicted of any offense involving moral turpitude. Any person who shall violate any provision of this section shall be fined not exceeding one hundred dollars ($100)."

These three plaintiffs were arrested on July 16, 1970, and charged with the felony of breaking and entering in the nighttime and with the misdemeanor of stealing and carrying away goods valued at less than $500. In the District Court for the State of Rhode Island, these charges were dismissed on motion of the City of Providence. Plaintiffs now move that these photographs be destroyed on the basis that, by the dismissal, they

have been exonerated from the offense with which they were charged.

■ Defendants argue that R.I.G.L. § 12–1–12 is not applicable here because

1) R.I.G.L. § 12–1–12 pertains to criminal cases and is not applicable here because the instant action is a civil case;

2) R.I.G.L. § 12–1–12 provides the remedy of a $100 fine for violation of the statute and so excludes as a remedy the exclusion of evidence;

3) plaintiffs were neither exonerated or acquitted by the dismissal and still are subject to indictment by a grand jury;

4) that the determination of this issue is not within the jurisdiction of the Federal Court.

As to defendants' fourth argument, I might say that it misconceives the nature of the issue at bar. This Court, in the context of the present action, lacks jurisdiction to order the destruction of these photographs. This Court does, nevertheless, have jurisdiction to rule on whether these photographs may be excluded as being illegally held evidence.

■ Having jurisdiction, this Court next turns to defendants' first and second arguments, namely that R.I.G.L. § 12–1–12 pertains only to criminal actions and provides as an exclusive remedy a fine of $100. Both arguments must fail. On its face R.I.G.L. § 12–1–12 does not refer to admissibility of photographs in either civil or criminal proceedings. On its face it vests a right in a person, who has been acquitted or otherwise exonerated from the offense with which he is charged, to have photographs taken of him at arrest destroyed. The right being vindicated by the statute appears to be the right of privacy of persons acquitted or otherwise exonerated of charges. This right of privacy is not by the terms of the statute limited to subsequent criminal proceedings, or for that matter, to any court proceedings. It is, by terms of the statute, to be ac-

complished by destruction of the photographs.

Nor does the $100 fine provision necessarily exclude from consideration the exclusion of these photographs from evidence. I read the statute to mean that if the photographs are not destroyed on request as provided for in the statute, they will be destroyed by court order and the person violating the statute will be fined $100. Now assuming that plaintiffs have a right to have these photographs destroyed, and that the statutory remedy of destruction were carried out, there would be no photographs to introduce in Court. Thus the exclusion of photographs would give to the plaintiffs no greater remedy than that given them by the Rhode Island legislature and may be seen as simply a logical concomitant of the statutory remedy. By this I mean that because the statute is mandatory, I will view it as though the photographs are destroyed from the moment of the request. If the photographs had been destroyed they could not be produced for admission into evidence. To read the statute as defendants suggest, to have an exclusive remedy of a $100 fine would be to render it ineffectual.

Thus, the questions to be answered are (1) whether plaintiffs have a right to the destruction of these photographs under R.I.G.L. § 12–1–12; and (2) whether in this civil case evidence can be suppressed because it is illegally held as a matter of state law.

■ Preliminarily, let me state that I do not think this issue involves any rights of constitutional dimension. The evidence was not seized illegally, in violation of the Fourth or Fifth Amendments, nor was it seized in a manner which infringed on exercise of First Amendment rights. The right of privacy involved here does not, I think, rise to a constitutional level.

As to whether plaintiffs have a right to destruction of these photographs under R.I.G.L. § 12–1–12, I can find neither legislative history nor case law interpreting this statute. Guidance must

come from the language of the statute and from the policies which it is rational to think the statute was intended to serve.

■■ As to the language of R.I.G.L. § 12–1–12, these photographs were taken by members of the police department of persons under arrest, prior to any final conviction. Demand for destruction has been made. The language in dispute is:

"if such person is acquitted or otherwise exonerated from the offense with which he is charged"

As defendants have argued, the dismissal of the charges in district court is not an acquittal and still leaves these three plaintiffs open to indictment by a grand jury. It is true that the statute of limitations on the felony charge involved is three years and has not run. Nor would double jeopardy bar an indictment as plaintiffs were never put in jeopardy. However, I think that plaintiffs are within the scope of the statute for the following reasons:

1) the language "if such person is . . . otherwise exonerated from the offense with which he *is* charged" is operant because the charges were dismissed, a form of exoneration, and no further charges have been brought. The statute assumes that the right to demand destruction of the photographs does not exist if there are outstanding charges. There are, at present, no outstanding charges—the statute speaks of present charges —"with which he is charged." Plaintiffs were exonerated from prior charges by the dismissal. The fact that charges may be brought in the future by indictment is largely irrelevant. There must be outstanding charges.

2) The only purpose I can see behind this statute is protection of the privacy interests of persons arrested but not convicted. Given that the intent of the statute is to protect individuals' privacy interests,

I cannot read the statute to allow government officials to retain these photographs for a three year or longer period when there are no charges pending.

3) There is no indication that the defendants have spent the time since dismissal of the charges investigating this incident in preparation for indictment. The Rhode Island legislature vested this right of privacy in plaintiffs at the time of dismissal of the charges, and there has been no showing of any preparation of other charges which might be thought to delay the vesting of these rights.

Therefore I conclude, assuming that these plaintiffs have no record of convictions of offenses involving moral turpitude, that they may demand destruction of the photographs.

■■■ I also conclude that the right to destruction of these photographs vested in plaintiffs by the Rhode Island legislature precludes admission of these photographs into evidence. First, this is not an appropriate area for abstention. Wulp v. Corcoran, 454 F.2d 826 (1st Cir. 1972). Second, this is an evidentiary question and Rule 43(a), Fed.R.Civ.P. clearly gives this Court competence to decide evidentiary questions which turn on state law. Third, I treat this matter as though the remedy had already been provided to plaintiffs of destruction of the photographs for R.I.G.L. § 12–1–12 is mandatory and not permissive. Were there no photographs there could be no question of their being put into evidence. The photographs will be excluded.

Finally, I recognize that this result may be thought to work an inequity to defendants. If plaintiffs had thought the photographs helpful to them they might have discovered and introduced the photographs themeslves. The favorability of the photographs determines the results of the game; plaintiffs win. This is plaintiffs' game but it is so because the Rhode Island legislature made it so.