STATE

v.

Patrick **RYLL.**

No. 94–59–M.P.

Supreme Court of Rhode Island.

Oct. 24, 1994.

Jeffrey Pine, Atty. Gen., Stephen Regine, Sp. Asst. Atty. Gen., for plaintiff.

David C. Martin, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order placing this case on the show-cause calendar and directing the parties to appear and show cause why the issues raised in this petition should not be summarily decided. In this case the state seeks review by petition for certiorari of an order granting the defendant's motion to suppress results of a chemical test. The test was performed after the defendant had been stopped by the State Police in Portsmouth, Rhode Island, on October 31, 1993. He was observed operating his motor vehicle in a manner that indicated the operator was intoxicated. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

At the site of the stop two State Police officers read defendant, Patrick Ryll, his rights from a form supplied to them for use at the scene. They subsequently took him to the Portsmouth State Police barracks and read him his rights again, using a different form supplied for use at the station. After obtaining defendant's permission, the chemical test was administered. The test disclosed that his blood-alcohol content exceeded the statutory limit, and he was charged with driving under the influence in violation of G.L.1956 (1982 Reenactment) § 31–27–2(b)(1), as amended by P.L.1993, ch. 138, art. 26, § 3.

In District Court defendant's counsel moved to suppress the test results on two grounds. First, he argued that the rights form executed by defendant at the station contained the erroneous warning that one of the conditions of reinstatement of his license after suspension for a test refusal would be a $50 substance-abuse fee. This substance-abuse fee was in fact a requirement until June 30, 1993. After that date that provision of the statute expired. That sanction was therefore not applicable to this defendant. The defendant's second contention was that although the police had advised him of his right to have an "additional chemical test" as provided in § 31–27–2(c)(6), they had neglected to make a notation of this in writing on the form he signed, which the statute requires. The District Court judge then granted the motion to suppress.

This court is of the opinion that there was no basis for the trial judge's application of an exclusionary rule. The fact that the rights form warned of a minor monetary sanction that is no longer in effect was not shown to have affected the voluntariness of his decision to take the test. In fact no evidence was offered to support such a claim. *State v. St. Jean,* 554 A.2d 206 (R.I.1989); *see also State v. Perry,* 508 A.2d 683 (R.I. 1986).

Also, the statute requiring a notation by police in the record of the case that they had advised a suspect of his or her right to have an additional chemical test does not provide for exclusion of the chemical test results if the notation is inadvertently omitted. *State v. Jackson,* 570 A.2d 1115 (R.I. 1990). These errors were de minimis and certainly did not warrant suppression of the test results.

For these reasons the petition for certiorari is granted, the order of the District Court is quashed, and the papers of this case are remanded to the District Court with our decision endorsed thereon.