STATE

v.

**Louis MANOCCHIO.**

No. 98–574–M.P.

Supreme Court of Rhode Island.

Jan. 10, 2000.

Aaron L. Weisman, Providence, for Plaintiff.

John F. Cicilline, John M. Cicilline, Bristol, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The petitioner, the State of Rhode Island (state), seeks review of a Superior Court order mandating expungement of several entries in certain Bureau of Criminal Identification (BCI) records maintained by the Attorney General relating to the respondent, Louis Manocchio. The order issued based upon the Superior Court's asserted inherent power to do so. For the reasons explained below, we hold that the Superior Court lacked the inherent power to expunge these records.

On June 16, 1998, the respondent filed a motion to expunge various entries that pertained to him in the BCI records. Specifically, respondent asked the Superior Court to expunge five entries involving the dismissal of various criminal charges against him, one entry indicating his release from incarceration, and one entry relating to a deferred sentence that respondent had received. The state argued that respondent's request for expungement, destruction, or sealing of these records could not be granted under the strict terms of G.L.1956 §§ 12–1–12, 12–1–12.1 or 12–1.3–1. The hearing justice, however, reasoned that his authority to grant petitioner's request was "inherent" as part of the Superior Court's general supervisory authority over such matters. As a result, the court entered an order granting respondent's request with regard to the above-specified items.

Upon issuing a writ of certiorari, we ordered the parties to show cause why we should not decide this petition summarily. No such cause having been shown, we proceed to do so. Essentially, the state argues that the Superior Court lacked any power to do what it did here. First, the state points out that § 12–1–7 requires that the Attorney General maintain a record of information of "all persons who shall be or shall have been convicted of felony [sic], or imprisoned for violating any of the military, naval or criminal laws of the United States or of any state, and of all well-known and habitual criminals from wherever procurable." The state argues that respondent is a well-known and habitual criminal, and that therefore the Attorney General has a duty to maintain a record of information about him that includes the challenged entries.

■ Second, the state relies on the plain language of the above-specified statutes to support its argument that the hearing justice did not have the power to order expungement of the BCI records at issue pertaining to respondent. Section 12–1–12 provides for the destruction of records "after there has been an acquittal, dismissal, no true bill, no information or the person has been otherwise exonerated * * * *provided, that the person shall not have been previously convicted of any felony offense.*" (Emphasis added.) According to his BCI record, the respondent received a five-year suspended sentence for assault and robbery on April 2, 1953. Thus, he was a convicted felon when the later charges at issue here were dismissed.

■ Furthermore, § 12–1–12.1(a) provides that any one "who is acquitted or otherwise exonerated of *all counts* in a criminal case" may file a motion to seal the records, provided "no person who has been convicted of a felony shall have his or her court records sealed pursuant to this section." (Emphasis added.) According to the memorandum filed by the state, the respondent agreed to plead guilty to one count of conspiracy to commit murder in return for the state's dismissal of the other charges brought against him on April 20, 1968. Therefore, because respondent was convicted of a felony pursuant to his plea agreement, he was not eligible to have the records destroyed or sealed under the strict terms of §§ 12–1–12 and 12–1–12.1(a).

■ Expungement pursuant to § 12–1.3–2 was also unavailable because defendant was not a first offender, defined by the statute as a person "who has not been previously convicted of or placed on probation for a felony or a misdemeanor and against whom there is no criminal proceeding pending in any court." Section 12–1.3–1(3). In addition, given his long criminal record, it cannot be argued that respondent had exhibited good moral character, a finding that is required before expungement can be ordered. *See* § 12–1.3–

3(b)(1). Indeed, both respondent and the hearing justice seemed to concede that there were no laws specifically giving the Superior Court the authority to remove these BCI records.

The state contends that, in these circumstances, the Superior Court lacks the inherent power to order the expungement or sealing of BCI records that is not otherwise authorized by statute or by some other provision expressly delegating lawmaking authority in this regard to the court. For support, the state cites to *State v. DiPrete*, 710 A.2d 1266 (R.I.1998), and *State v. Jackson*, 570 A.2d 1115 (R.I. 1990). In *DiPrete*, this Court ruled that despite the inherent supervisory power provided to Superior Court justices to govern proceedings before them and to vindicate their authority by appropriate sanctions, such supervisory power is limited by rules that are constitutionally authorized. *DiPrete*, 710 A.2d at 1276. In *Jackson*, when the state violated § 12–1–12 by using evidence (inked fingerprints) from a file that should have been destroyed pursuant to the statute, this Court refused to exercise its supervisory power to create an exclusionary rule when the Legislature saw fit not to do so. *Jackson*, 570 A.2d at 1117.

Article 10, section 2, of the Rhode Island Constitution provides that "[t]he inferior courts shall have such jurisdiction as may, from time to time, be prescribed by law." Furthermore, we have stated that "[t]he 'details and extent of jurisdiction' of the Superior Court is a matter within the province of the Legislature." *Advisory Opinion to the Governor*, 437 A.2d 542, 543 (R.I.1981) (quoting *Floyd v. Quinn*, 24 R.I. 147, 152, 52 A. 880, 882 (1902)).

General Laws 1956 §§ 8–2–13, 8–2–14, and 8–2–15 provide for the Superior Court's jurisdiction over equity actions, actions at law, and criminal actions. Although the Superior Court possesses jurisdiction to entertain actions of this kind, the Legislature has established a specific stat-

utory scheme for maintaining, handling, expunging, and sealing BCI records that are under the control of the Attorney General. As noted above, the Superior Court possesses no specific statutory authority to eradicate entries relating to criminal matters from a BCI report unless the request for relief in that regard falls within the criteria set out by the Legislature. If the Superior Court possessed the inherent power to disregard the specific criteria and limitations on the expungement and sealing of BCI records that are set forth in the statute, then those criteria and limitations would be rendered nugatory. As a result, we hold that the Superior Court lacked not only the specific statutory authority to remove these entries from the respondent's BCI records, but it also possessed no inherent power to do so in these circumstances. Therefore, the petition for certiorari is granted, the order of the hearing justice is quashed, and the papers in this case shall be remanded to the Superior Court with our decision endorsed thereon for entry of a new order consistent with this opinion.